

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00136-CV

Ronnie **PACE**,
Appellant

v.

Chester B. **WHATLEY** and Alice Faye Whatley,
Appellees

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. 10697B
Honorable Stephen B. Ables, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Catherine Stone, Chief Justice
                Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  March 12, 2014

AFFIRMED

This is an appeal from the trial court's order granting summary judgment in favor of appellees Chester B. Whatley and Alice Faye Whatley. On appeal, appellant Ronnie Pace contends the trial court erred in granting summary judgment because: (1) a "Mother Hubbard" clause in a bankruptcy court order precluded the Whatleys from re-asserting their claims in state court; and (2) there was no evidence of damages. We affirm the trial court's judgment.

**BACKGROUND**

The Whatleys initially sued Pace in the trial court to recover balances due on a promissory note and lease agreement entered into by the parties. Before the action could reach trial on the merits, Pace filed a petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Western District of Texas. Pace's Chapter 7 bankruptcy case stayed the action brought by the Whatleys in the trial court.

The Whatleys then filed an adversarial proceeding in the bankruptcy court against Pace, seeking to deny the discharge of his debts based on sections 727 and 523 of the United States Bankruptcy Code. The bankruptcy court granted the Whatleys' request and denied Pace's requested discharge.

After the eventual closure of Pace's Chapter 7 bankruptcy case, the Whatleys continued their action in the trial court and moved for summary judgment against Pace. The trial court granted summary judgment in favor of the Whatleys and ordered they recover the remaining balance owed on their promissory note and lease agreement with Pace. Pace subsequently perfected this appeal.

On appeal, the Whatleys have asked the court to take judicial notice of court materials related to Pace's federal bankruptcy case. The Whatleys have attached the relevant federal court documents to their brief. Accordingly, we grant the Whatleys' request and take judicial notice of the documents. *See Freedom Commc'ns Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) (per curiam); TEX. R. EVID. 201(b), (d).

**ANALYSIS**

As noted above, Pace raises two issues on appeal, contending: (1) the trial court erred in granting summary judgment because a "Mother Hubbard" clause in the earlier bankruptcy court

judgment precluded the Whatleys from pursuing their claims in state court; and (2) there is no evidence of damages.

### *"Mother Hubbard" Clause*

Pace contends the trial court erred by granting summary judgment for the Whatleys because a prior order from the bankruptcy court included the following "Mother Hubbard" clause: "[a]ll relief requested in this case not expressly granted is denied." In essence, Pace contends the Whatleys sought to recover damages in the bankruptcy court based on the promissory note and lease, but the bankruptcy court declined to award them any damages. According to Pace, the bankruptcy court's inclusion of a standard "Mother Hubbard" clause denied the Whatleys' damage claim and this ruling precludes further action in state court. As stated by Pace in his brief, the Whatleys "requested that the Bankruptcy court determine the damages owed to Whatley by Pace" on the promissory note and "[t]hese specific issues were properly before the Bankruptcy Court, and in its ruling, the Bankruptcy Court specifically declined to render any monetary judgment against Pace in favor of Whatley." Although he directs this court to Texas case law on the finality of judgments, we interpret Pace's contention as one based on res judicata. In other words, Pace attempts to overturn the summary judgment by invoking the doctrine of claim preclusion, otherwise known as res judicata, arguing the Whatleys' decision to ask the bankruptcy court to determine damages, the bankruptcy court's failure to determine such damages, and the bankruptcy court's use of a "Mother Hubbard" clause preclude any further attempt by the Whatleys to recover based on the promissory note.[1] We disagree the doctrine applies to the Whatleys' claims before the state trial court.

---

[1] Pace directs this court to the cases of *Schlipf v. Exxon Corp.*, 644 S.W.2d 453 (Tex. 1982), and *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893 (Tex. 1966). The cases cited by Pace concern the use of a "Mother Hubbard" clause in determining whether a trial court's judgment is final for purposes of appeal. *See Aldridge*, 400 S.W.2d at 898; *Schlipf*,

Because Pace is arguing the preclusive effect of a federal judgment, federal law controls our determination of whether the bankruptcy judgment precluded the Whatleys' Texas law claims before the trial court. *See John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 287 (Tex. 2002) ("In Texas, the preclusive effect of a federal judgment is determined by federal law."); *Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 718 (Tex. 1990). Under federal law, the doctrine of res judicata applies where: (1) the parties are identical in both suits; (2) the prior judgment is rendered in a court of competent jurisdiction; (3) there is a final judgment on the merits; and (4) the same cause of action is involved in both cases. *In re Paige*, 610 F.3d 865, 870 (5th Cir. 2010) (quoting *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 559 (5th Cir. 1983) (en banc)). Here, the doctrine of res judicata does not preclude the Whatleys from seeking relief based on the promissory note and the lease because this was not the relief sought by the Whatleys in the bankruptcy court.

The Whatleys' adversarial proceeding in the bankruptcy court sought to deny Pace the ability to discharge his debts. In their petition in the bankruptcy court, the Whatleys relied upon section 727 of the Bankruptcy Code to support their request that the bankruptcy court universally deny Pace's request for discharge of debts. *See* 11 U.S.C.A. 727(a) (denying discharge of debts where certain enumerated reasons exist). Alternatively, pursuant to section 523(a) of the Bankruptcy Code, the Whatleys sought to prevent Pace from discharging the debt owed directly to them. *See* 11 U.S.C.A. 523(a) (excluding specific types of debt from discharge). In their state court claim, the Whatleys sought to recover damages under a promissory note and lease. We hold that filing a claim seeking to have the bankruptcy court refuse to discharge debts under the Bankruptcy Code is not the same as a claim seeking to collect on an outstanding promissory note.

---

644 S.W.2d at 454; *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 203–04 (Tex. 2001). These cases are irrelevant to the preclusion argument Pace actually asserts in his brief.

*See Wise v. Luke Dev., LLC*, No. 04-12-00477-CV, 2013 WL 4483381, at \*2 (Tex. App.—San Antonio Aug. 21, 2013, no pet.) (mem. op.) (setting out elements plaintiff must prove to recover on promissory note); *Hudspeth v. Investor Collection Servs. Ltd. P'Ship*, 985 S.W.2d 477, 479 (Tex. App.—San Antonio 1998, no pet.) (same). Accordingly, we hold the trial court did not err in granting the Whatleys' motion for summary judgment against Pace based on Pace's contention that the Whatleys' claim was precluded by the bankruptcy court's inclusion of a "Mother Hubbard" clause in its order denying the discharge of Pace's debts. *See Paige*, 610 F.3d at 870. We therefore overrule Pace's first issue.

### *Insufficient Evidence*

In his second issue, Pace's claims the trial court erred in granting summary judgment in favor of the Whatleys because there was no evidence of damages. We review the trial court's decision to grant summary judgment *de novo*. *Valence Operating CO. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* As movants for summary judgment, the Whatleys must prove their entitlement to summary judgment on each element of their cause of action as a matter of law. *See* TEX. R. CIV. P. 166a(c).

Here, the Whatleys were trying to recover from Pace the deficiency on a promissory note, which required proof: (1) of the note in question; (2) that Pace signed the note; (3) that the Whatleys were the legal owners and holders of the note; and (4) that a certain balance was due and owing under the note. *See Wise*, 2013 WL 4483381, at \*2. In support of these elements, the Whatleys provided the trial court: (1) a copy of the promissory note to the Whatleys signed by Pace; (2) a copy of the corresponding security agreement signed by Pace; (3) a signed copy of the commercial lease agreement; (4) a copy of the bankruptcy court's order denying the discharge of

Pace's debts; (5) the Whatleys' proof of claim against Pace's bankruptcy estate; (6) the notice of trustee's final report for Pace's bankruptcy estate: and (7) an affidavit by Chester B. Whatley in support of the evidence, as well as other less relevant documents. Pace does not contest the Whatleys' satisfaction of the first three elements required to recover on the promissory note and we see no defects in the evidence to find otherwise. However, Pace does contend the Whatleys did not meet their burden to establish as a matter of law the balance due and owing under the note. We disagree.

The Whatleys' signed proof of claim form against Pace's bankruptcy estate reflects they were owed over $617,000.00 on the promissory note. The trustee's plan, which was part of the Whatleys' summary judgment evidence, confirms the balance owed as stated in the proof of claim, and reflects a proposed payment to the Whatleys from the bankruptcy estate in the amount of roughly $130,000.00. The difference between the two amounts, approximately $486,000.00, is the amount the Whatleys sought to recover as the certain amount due and owing on the note. We hold the documents produced by the Whatleys conclusively established the required damage element. *See id.* Accordingly, the burden shifted to Pace to *produce evidence* creating a genuine issue of material fact as to the amount owed on the note in order to defeat summary judgment. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996) (emphasis added); *Wise*, 2013 WL 4483381, at *2.

Pace did not produce any evidence to create a genuine issue of material fact as to the amount owed on the note. Instead, without directing the court to any legal authority, Pace merely references the evidence presented by the Whatleys and asserts it does not support "what the correct claim amount actually is." Pace's conclusory argument without any supporting evidence does not raise a genuine issue of material fact as to the amount owed. Therefore, we overrule Pace's second issue because the Whatleys have established as a matter of law the certain balance due and owing

under the promissory note they sued on and Pace has not produced any evidence to defeat summary judgment on this contested element.  *See Walker*, 924 S.W.2d at 377.

## CONCLUSION

Based on the foregoing, we overrule Pace's issues and affirm the trial court's judgment.


Marialyn Barnard, Justice